Hall, J., dissents, and votes to reverse the judgment, as a matter of discretion in the interest of justice, and dismiss the indictment, with the following memorandum, in which Brathwaite Nelson, J., concurs: According to the evidence presented by the People, on the afternoon of October 22, 2007, the defendant called his friend Li Dong Yong and asked Yong if he could borrow some money so that he could take his two-month-old daughter Annie to the hospital. Yong went to the defendant’s apartment, arriving at 8:00 p.m. The defendant’s wife was taking care of Annie at the time. Yong testified that Annie looked a little pale, and that her eyes were closed. She was also making a “ki ki” sound. The defendant’s wife told Yong that Annie’s fever had already gone down, and that they wanted to wait until the next day to take her to the hospital. Yong slept over on a spare bed. After midnight, Yong was awakened by the defendant screaming. Annie had turned blue, and Yong called the 911 emergency number. While awaiting an ambulance, the defendant attempted mouth-to-mouth resuscitation on Annie. The ambulance arrived and took Annie to the hospital, where she was diagnosed with abusive head trauma and shaken baby syndrome. She died several days later. Neither the defendant nor his wife testified at trial. The People introduced into evidence written statements that the defendant made to the police. In one of these statements, the defendant recounted the activities of himself, his wife, and Annie during the 24 hours preceding Annie’s hospitalization. In another, the defendant stated that after Annie turned blue, he carelessly bumped her head on a night stand. Contrary to the majority’s determination, we conclude that there was legally insufficient evidence to support the defendant’s convictions of manslaughter in the second degree and endangering the welfare of a child. In People v Wong (81 NY2d 600 [1993]), there was evidence at trial that the two defendants were continuously present in an apartment with an infant and that one of the defendants had shaken the infant violently enough to produce fatal injuries (see id. at 604). However, because neither defendant gave a complete account of what had occurred, the People were unable to prove which defendant had administered the fatal shaking (see id.). The Court of Appeals concluded that the defendants’ convictions of manslaughter in the second degree and endangering the welfare of a child were unsupported by legally sufficient evidence (see id.). In doing so, the Court found that there was no sound factual basis on which to hold the person who did not actually shake the infant criminally responsible for the infant’s death (see id. at 610). This was because there was no proof from which the jury could infer that this “passive” defendant was aware that the infant had been violently shaken, since it was likely that at least one of the defendants would have left the room in which the infant was located at some point during the relevant period (id. at 609). Here, as in Wong, the evidence showed that there were two adults present in the subject apartment during the relevant time period, i.e., the defendant and his wife. And there was no evidence establishing which of these adults administered the fatal shaking. While the defendant stated to the police that he carelessly bumped Annie’s head on a night stand, the People’s expert witnesses testified that a bump of a head on a night stand could not have been the cause of Annie’s injuries. And while it is possible that the defendant told the police that he bumped Annie’s head in order to cover up a crime, there was no evidence establishing that this crime was committed by the defendant as opposed to his wife. As in Wong, the defendant’s “clumsy and transparent exculpatory effort [ ]” in this regard reflected, at most, his “guilty knowledge that a horrible crime had occurred in [his] apartment on the preceding night” (id.). Accordingly, I respectfully dissent.